UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

NISSAN MOTOR ACCEPTANCE
COMPANY LLC,                                                              Plaintiff,

v.                                                                                Civil Action No. 4:26-cv-88-DJH

ADRIAN AUTOMOTIVE GROUP 1 LLC,                             Defendant.

\* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

      Plaintiff Nissan Motor Acceptance Company LLC (NMAC) filed this action on February 17, 2026 (Docket No. 1), and filed a motion for temporary restraining order and preliminary injunction the same day. (D.N. 5) NMAC asserts that absent injunctive relief, it will be irreparably harmed by Defendant Adrian Automotive Group 1 LLC's disposition of collateral used to secure a loan from NMAC. (*See* D.N. 5-3) On February 18, 2026, NMAC filed a certification of counsel pursuant to Federal Rule of Civil Procedure 65(b)(1)(B). (D.N. 7) The certification describes the actions taken by NMAC's counsel to provide notice to Adrian Automotive Group 1. (*See id.*)

      A temporary restraining order is an extraordinary remedy generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposing party or where notice itself may precipitate the harm. *See, e.g.*, *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *see also Granny Goose Foods, Inc. v. Bd. of Teamsters*, 415 U.S. 423, 439 (1974) (noting that Rule 65's restrictions on ex parte temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard"). Pursuant to Rule 65, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons

1

why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also Nat'l Bankers Tr. Corp. v. E.W. Distrib. & Warehousing Inc.*, No. 12-2674, 2012 WL 3136772, at *3 (W.D. Tenn. Aug. 1, 2012) (denying application for temporary restraining order based on plaintiff's failure to satisfy Rule 65(b)(1)(B)); *Kelly Servs., Inc. v. Kim*, No. 16-10169, 2016 WL 9403757, at *2 (E.D. Mich. Jan. 26, 2016) (rejecting motion for TRO in part because "[n]either the motion nor the verified complaint contain[ed] facts or reasons 'why [notice] should not be required'" (quoting Fed. R. Civ. P. 65(b)).

Although the certification filed by NMAC's counsel describes the steps taken to provide notice (*see* D.N. 7), it does not explain "the reasons why [notice] should not be required" prior to entry of injunctive relief. Fed. R. Civ. P. 65(b)(1)(B). NMAC has thus failed to meet the requirements set forth in Rule 65(b)(1)(B). The Court will, however, schedule a hearing on the motion for preliminary injunction. *See Kelly Servs.*, 2016 WL 9403757, at *2 (scheduling a hearing on the preliminary injunction after denial of motion for a TRO); *cf Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) ("Federal Rule of Civil Procedure 65, which governs the issuance of preliminary injunctions, . . . 'impl[ies] a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.'" (quoting *Cnty. Sec. Agency v. Ohio Dept. of Com.*, 296 F.3d 477, 484 (6th Cir. 2002))). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Plaintiff's motion is **DENIED** to the extent it seeks a temporary restraining order. The motion for preliminary injunction (D.N. 5) remains pending and will be addressed by subsequent Order following a hearing set on an expedited schedule.

(2)    Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter is **REFERRED** to U.S. Magistrate Judge H. Brent Brennenstuhl for expeditious scheduling of an evidentiary hearing on NMAC's motion for preliminary injunction and for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Judge Brennenstuhl is further authorized to conduct a settlement conference in this matter at any time.

February 19, 2026

David J. Hale, Chief Judge
United States District Court