**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| NISSAN MOTOR ACCEPTANCE COMPANY LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:26-cv-00088-DJH |
| | ) ) | |
| ADRIAN AUTOMOTIVE GROUP 1 LLC, d/b/a Adrian Nissan of Madisonville, | ) ) ) | |
| Defendant. | ) | |

**ANSWER TO VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND POSSESSION OF COLLATERAL**

COMES NOW the Defendant, Adrian Automotive Group 1, LLC d/b/a Adrian Nissan of Madisonville ("Adrian Automotive"), by counsel, and for its Answer to Plaintiff Nissan Motor Acceptance Company LLC's ("NMAC") Verified Complaint for Injunctive Relief and Possession of Collateral (the "Complaint") [DN 1], states as follows:

**PARTIES**

1.      Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore, Adrian Automotive denies the same.

2.      Adrian Automotive admits it maintains an automotive dealership at 1801 Lantaff Boulevard, Madisonville, Kentucky 42431 (the "Dealership Premises"). Adrian Automotive denies the remaining allegations set forth in Paragraph 2 of the Complaint not expressly admitted herein.

3.      Adrian Automotive admits the allegations set forth in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore, Adrian Automotive denies the same.

5.      Adrian Automotive admits the allegations set forth in Paragraph 5 of the Complaint.

6.      Adrian Automotive admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Adrian Automotive states that Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response to the allegations set forth in Paragraph 7 is deemed necessary, Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore, Adrian Automotive denies the same.

8.      Adrian Automotive states that Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response to the allegations set forth in Paragraph 8 is deemed necessary, Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore, Adrian Automotive denies the same.

9.      Adrian Automotive admits the allegations set forth in Paragraph 9 of the Complaint.

10.      Adrian Automotive states that Paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response to the allegations set forth in Paragraph 10 is deemed necessary, Adrian Automotive admits the same.

## INTRODUCTION

11.      Adrian Automotive admits the allegations set forth in Paragraph 11 of the Complaint.

12.     Adrian Automotive states that the allegation that NMAC is a secured creditor of Adrian Automotive constitutes a legal conclusion to which no response is required. To the extent a further response to said allegation is deemed necessary, Adrian Automotive lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, denies the same. Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint and therefore, denies the same.

13.     Adrian Automotive denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore, denies the same.

15.     Adrian Automotive states the allegations set forth in Paragraph 15 of the Complaint set forth legal conclusions to which no response is required. To the extent a further response to the allegations set forth in Paragraph 15 of the Complaint is deemed necessary, Adrian Automotive denies the same.

### FACTUAL ALLEGATIONS

**A.      The Floorplan Loan**

16.     In response to Paragraph 16 of the Complaint, Adrian Automotive states the contents of the Automotive Wholesale Financing and Security Agreement (the "Floorplan Agreement") speaks for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 16 of the Complaint not expressly admitted herein.

17.     In response to Paragraph 17 of the Complaint, Adrian Automotive states the contents of the Floorplan Agreement speak for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 17 of the Complaint, including all subparts, not expressly admitted herein.

18.     Adrian Automotive states the allegation that NMAC perfected its security interest in the Collateral by filing a Uniform Commercial Code Financing Statement ("UCC-1") sets forth a legal conclusion to which no response is required. To the extent a further response to such allegation is deemed necessary, Adrian Automotive denies the same. Adrian Automotive further states the contents of the UCC-1 speak for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 18 of the Complaint not expressly admitted herein.

**B.     The Defaults**

19.     Adrian Automotive denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Adrian Automotive denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Adrian Automotive states the allegations set forth in Paragraph 21 of the Complaint set forth legal conclusions to which no response is required. Adrian Automotive further states that the contents of the Floorplan Agreement speak for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 21 of the Complaint not expressly admitted herein.

22.     Adrian Automotive admits on or about January 22, 2026, it initiated one or more payments to NMAC totaling $149,684.00. Adrian Automotive denies all remaining allegations set forth in Paragraph 22 of the Complaint not expressly admitted herein.

4

23.    Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore, Adrian Automotive denies the same.

24.    In response to Paragraph 24 of the Complaint, Adrian Automotive states the Default Letter speaks for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 24 of the Complaint not expressly admitted herein.

25.    Adrian Automotive denies the allegations set forth in Paragraph 25 of the Complaint.

26.    In response to Paragraph 26 of the Complaint, Adrian Automotive states the Acceleration Letter speaks for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 26 of the Complaint not expressly admitted herein.

27.    Adrian Automotive denies the allegations set forth in Paragraph 27 of the Complaint.

28.    Adrian Automotive states that the allegation that Adrian Automotive's failure to pay the accelerated Indebtedness after receipt of the Acceleration Letter sets forth a legal conclusion to which no response is required. Adrian Automotive further states that the contents of the Floorplan Agreement and Acceleration Letter speak for themselves. Adrian Automotive denies all remaining allegations set forth in Paragraph 28 of the Complaint not expressly admitted herein.

29.    In response to the allegations set forth in Paragraph 29 of the Complaint, Adrian Automotive states the contents of the Floorplan Agreement speak for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 29 of the Complaint not expressly admitted herein.

30.    In response to the allegations set forth in Paragraph 30 of the Complaint, Adrian Automotive states the contents of the Floorplan Agreement speak for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 30 of the Complaint not expressly admitted herein.

31.    In response to the allegations set forth in Paragraph 31 of the Complaint, Adrian Automotive states the contents of the Floorplan Agreement speak for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 31 of the Complaint not expressly admitted herein.

32.    Adrian Automotive states the allegations set forth in Paragraph 32 of the Complaint set forth legal conclusions to which no response is required. To the extent a further response to the allegations set forth in Paragraph 32 of the Complaint is deemed necessary, Adrian Automotive denies the same.

## COUNT I
### Injunctive Relief

33.    Adrian Automotive incorporates by reference the preceding Paragraphs of this Answer as if fully set forth herein.

34.    Adrian Automotive states the allegations set forth in Paragraph 34 of the Complaint set forth legal conclusions to which no response is required. To the extent a further response to the allegations set forth in Paragraph 34 of the Complaint is deemed necessary, Adrian Automotive denies the same.

35.    In response to the allegations set forth in Paragraph 35, Adrian Automotive states the contents of the Remaining Vehicle Inventory speak for itself. Adrian Automotive denies all remaining allegations set forth in Paragraph 35 of the Complaint not expressly admitted herein.

36.    Adrian Automotive states the allegations set forth in Paragraph 36 of the Complaint set forth legal conclusions to which no response is required. To the extent a further response to the allegations set forth in Paragraph 36 of the Complaint is deemed necessary, Adrian Automotive denies the same.

37.    Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and therefore, Adrian Automotive denies the same.

38.    Adrian Automotive denies the allegations set forth in Paragraph 38 of the Complaint, including all subparts.

39.    Adrian Automotive denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Adrian Automotive denies the allegations set forth in Paragraph 40 of the Complaint.

41.    Adrian Automotive denies the allegations set forth in Paragraph 41 of the Complaint.

42.    Adrian Automotive denies the allegations set forth in Paragraph 42 of the Complaint.

## COUNT II
### Writ of Possession

43.    Adrian Automotive incorporates by reference the preceding Paragraphs of this Answer as if fully set forth herein.

44.    Adrian Automotive states the allegations set forth in Paragraph 44 of the Complaint set forth legal conclusions to which no response is required. To the extent a further response to the

allegations set forth in Paragraph 44 of the Complaint is deemed necessary, Adrian Automotive denies the same.

45.     Adrian Automotive states the allegations set forth in Paragraph 45 of the Complaint set forth legal conclusions to which no response is required. To the extent a further response to the allegations set forth in Paragraph 45 of the Complaint is deemed necessary, Adrian Automotive denies the same.

46.     Adrian Automotive admits the Remaining Vehicle Inventory remained within its possession at the Dealership Premises as of the date of the Complaint. Adrian Automotive denies all remaining allegations set forth in Paragraph 46 of the Complaint not expressly admitted herein.

47.     Adrian Automotive denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Adrian Automotive is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore, Adrian Automotive denies the same.

49.      Adrian Automotive admits the allegations set forth in Paragraph 49 of the Complaint.

50.     Adrian Automotive denies the allegations set forth in Paragraph 50 of the Complaint.

### RESERVATION OF RIGHTS

51.     Paragraph 51 of the Complaint contains a reservation of rights by NMAC and does not set forth any factual allegations against Adrian Automotive. As such, no response from Adrian Automotive is required. To the extent a further response to the allegations set forth in Paragraph 51 is deemed necessary, Adrian Automotive denies the same.

52.    Paragraph 52 of the Complaint contains a reservation of rights by NMAC and does not set forth any factual allegations against Adrian Automotive. As such, no response from Adrian Automotive is required. To the extent a further response to the allegations set forth in Paragraph 52 is deemed necessary, Adrian Automotive denies the same.

53.    Paragraph 53 of the Complaint contains a reservation of rights by NMAC and does not set forth any factual allegations against Adrian Automotive. As such, no response from Adrian Automotive is required. To the extent a further response to the allegations set forth in Paragraph 53 is deemed necessary, Adrian Automotive denies the same.

WHEREFORE, Adrian Automotive respectfully requests that NMAC take nothing by way of the Complaint and the claims set forth therein, that judgment be entered in favor of Adrian Automotive and against NMAC, that the Complaint be dismissed with prejudice, that Adrian Automotive be awarded its costs and reasonable attorneys' fees incurred herein, in addition to any other relief deemed just and proper in the premises.

## **AFFIRMATIVE DEFENSES**

Adrian Automotive, by counsel, asserts and pleads the following Affirmative Defenses to NMAC's Complaint. By pleading these defenses, Adrian Automotive does not assume the burden of proof as to any fact, issue, or element of a cause of action where such burden belongs to NMAC. Moreover, nothing contained herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to NMAC's allegations.

1.    NMAC's Complaint, or some part of it, fails to state a claim upon which relief may be granted.

9

2.      NMAC's claims are barred, in whole or in part, because Adrian Automotive acted in good faith and had reasonable grounds for believing that it acted properly with respect to NMAC.

3.      NMAC's claims are barred by the doctrines of consent, waiver, estoppel, unclean hands, and/or laches.

4.      NMAC's claims are barred to the extent NMAC's own acts or omissions were the direct and proximate cause of any and all injuries, losses, or damages that NMAC claims to have suffered.

5.      To the extent NMAC has failed to satisfy any conditions precedent that are necessary to maintain its claims, its claims are barred.

6.      NMAC's claims are barred because of an intervening act or intervening acts by one or more third parties and/or because of a superseding cause.

7.      NMAC's claims are barred to the extent NMAC has failed to mitigate its damages.

8.      NMAC's claims are barred to the extent NMAC failed to fulfill any of its obligations to Adrian Automotive.

9.      NMAC's claims are barred to the extent recovery from Adrian Automotive results in unjust enrichment to NMAC.

10.     To the extent NMAC still seeks a temporary restraining order or preliminary injunction, those requests are moot in light of the Consent Injunction filed by the parties.

11.     To the extent NMAC still seeks a temporary restraining order or preliminary injunction, those claims are barred because NMAC has an adequate remedy at law. The alleged harm identified in the Complaint is economic in nature and is capable of calculation in money

damages, credits, offsets, accounting, repossession, and disposition of collateral. NMAC therefore cannot establish irreparable harm or the absence of an adequate legal remedy.

12.     Any recovery sought by NMAC must be reduced by all payments, tenders, deposits, reserves, proceeds, dispositions, recoveries, credits, offsets, and other sums received by NMAC with respect to the alleged indebtedness or collateral. Adrian Automotive is entitled to payment credits, setoff, recoupment, and proper application of all collateral proceeds and related amounts before any judgment or equitable relief may be entered.

13.     Adrian Automotive reserves the right to amend or further plead any other affirmative defenses after a reasonable opportunity for discovery.

Respectfully submitted,

*/s/ Amy L. Miles*

Amy L. Miles, KY Bar No. 96339
STOLL KEENON OGDEN PLLC
400 W. Market St., Suite 2700
Louisville, KY 40202
T: (502) 568-5751
E: amy.miles@skofirm.com

*Counsel for Defendant Adrian Automotive Group 1 LLC*

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 11, 2026, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF filing system. Service of the foregoing document will be made on the following registered counsel of record by operation of the CM/ECF filing system.

Chad E. Wallace
Chelsea N. Hayes
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
602 Sevier Street, Suite 300
P.O. Box 3038
Johnson City, TN 37602
Cwallace@bakerdonelson.com
Cnhayes@bakerdonelson.com

AND

Kevin A. Stine
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, Ne, Suite 1500
Atlanta, GA 30326
kstine@bakerdonelson.com

*Counsel for Plaintiff Nissan Motor Acceptance Company LLC*

4930-6092-8918, v. 1